UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAZIEN MCCULLOUGH, | ) |
| Petitioner, | ) |
| v. | ) No. 2:18-cv-00256-JRS-DLP |
| WARDEN Wabash Valley Correctional Facility, | ) |
| Respondent. | ) |

**Order Dismissing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

In his petition for writ of habeas corpus, petitioner Raizen McCullough challenges his two 2012 Marion County, Indiana convictions for murder. The respondent argues that the petition must be denied because it is time-barred. For the reasons explained in this Order, Mr. McCullough's petition for a writ of habeas corpus is **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. Background

A Marion County jury convicted Mr. McCullough on August 21, 2012, of two counts of murder. The trial evidence demonstrated that Mr. McCullough shot his two unarmed housemates in the head following an early morning argument. The trial court sentenced him on September 6, 2012, to consecutive prison terms of 55 years and 60 years. Dkt. 6-1 at 5–6. The Indiana Court of Appeals affirmed the judgment on April 19, 2013, *McCullough v. State*, 985 N.E.2d 1135 (Ind. App. 2013), and the Indiana Supreme Court denied Mr. McCullough's petition to transfer on June 20, 2013, dkt. 6-1 at 7. Mr. McCullough did not file a petition for writ of certiorari in the United States Supreme Court.

On January 27, 2014, Mr. McCullough filed a petition for post-conviction relief, which the trial court denied. Dkt. 6-1 at 7–8. On April 25, 2016, the Indiana Court of Appeals dismissed the ensuing appeal for failure to file an opening brief. Dkt. 6-8. Mr. McCullough did not file a petition to transfer in the Indiana Supreme Court.

On August 16, 2016, Mr. McCullough filed a petition for writ of habeas corpus in this Court. Dkt. 6-9. But Mr. McCullough then moved to dismiss the petition without prejudice, and the Court granted that motion on October 21, 2016. *Id.*

On November 9, 2016, Mr. McCullough filed a request for authorization to file a successive post-conviction petition in the Indiana Court of Appeals. Dkt. 6-11. On December 19, 2016, the court of appeals denied authorization to file the petition. Dkt. 6-12.

On June 7, 2018, Mr. McCullough filed his current petition for writ of habeas corpus in this Court. Dkt. 1.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed'

application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

### III. Discussion

#### A. Statutory limitation period

Mr. McCullough's direct appeal petition to transfer was denied on June 20, 2013. His conviction and sentence became final 90 days later, on September 18, 2013, the deadline for filing a petition for writ of certiorari in the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) ("[I]f the federal prisoner chooses not to seek direct review in this Court, then the conviction becomes final when 'the time for filing a certiorari petition expires.'" (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). Therefore, the one-year period of limitation began running on September 19, 2013, and continued to run until January 24, 2014, when Mr. McCullough filed a petition for post-conviction review. At that time, 127 days had elapsed.

A limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Mr. McCullough's limitations period remained tolled until June 9, 2016, the deadline for filing a petition to transfer to the Indiana Supreme Court after the Indiana Court of Appeals dismissed his appeal.[1] The one-year period of limitation thus began running again on June 10, 2016, which was the 128th untolled day, at the latest.

---

[1] The respondent asserts, with no legal citation, that tolling ended on April 25, 2016 when the court of appeals dismissed Mr. McCullough's appeal. Dkt. 6 at 7. But in Indiana a party may file a petition to transfer following the dismissal of an appeal. In. Sup. Ct. R. 57(B)(4). And it is an open question in this circuit whether a post-conviction petition remains "pending" for 28 U.S.C. § 2244(d)(2) during the time when a petitioner could have, but did not, seek discretionary review in state court on post-conviction review. *See Williams v. Buss*, 538 F.3d 683, 684–85 (7th Cir.

Mr. McCullough's August 2016 habeas corpus petition filed in this Court did not toll the limitation period. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)."). Likewise, his November 2016 request for authorization to file a successive post-conviction petition had no tolling effect. *Martinez v. Jones*, 556 F.3d 637, 638–39 (7th Cir 2009) (where a state requires pre-authorization to file a successive post-conviction petition, a successive petition is properly filed pursuant to 28 U.S.C. § 2244(d)(2) "only if the state court grants permission to file it").

Mr. McCullough filed the current habeas petition in this Court on June 15, 2018, 735 days after the deadline for filing a petition to transfer following the June 9, 2016, dismissal of his post-conviction appeal. Combined with the 127 days that elapsed between his conviction being final and the filing of his petition for post-conviction relief, a total of 862 untolled days passed before Mr. McCullough filed the current habeas petition. The following chart illustrates this:

| Conviction Final | 9/18/13 | 365 days left in limitation period |
| --- | --- | --- |
| State Post-Conviction Filed | 1/24/14 | 238 days left in limitation period |
| Deadline Passes for Petition to Transfer to Indiana Supreme Court (Clock Resumes) | 6/9/16 | 238 days left in limitation period |
| Federal Habeas Petition Due | 2/2/17 | 0 days left in limitation period |
| Federal Habeas Petition Mailed | 6/7/18 | 489 days beyond limitation period |

---

2008) (reserving the question). The issue need not be resolved here. Even granting Mr. McCullough these 45 days of tolling, his petition is untimely.

Pursuant to AEDPA, Mr. McCullough had until February 2, 2017, to file a petition for writ of habeas corpus. However, he did not file this petition until June 7, 2018, approximately 489 days after the limitations period expired.

**B. Equitable tolling**

Mr. McCullough does not dispute that his petition was untimely. Instead, he asserts that he "is, was, and continue[s] to be a person of unsound mind." Dkt. 7 at 1. The Court will construe this assertion as an argument for equitable tolling.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mental illness may warrant equitable tolling in some cases, but only "'if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them.'" *Obriecht v. Foster*, 727 F.3d 744, 750–51 (7th Cir. 2013) (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)).

Here, the state trial court found that Mr. McCullough suffered from schizophrenia and had a "borderline" IQ. *McCullough v. Brown*, No. 2:16-cv-00320-JMS-MJD, dkt. 14-1 at 15–16.[2] But Mr. McCullough has not argued that any mental illness or deficiency actually prevented him from timely filing a habeas corpus petition, and the record does not support any such argument. Indeed, Mr. McCullough *did* file a timely habeas corpus petition in August 2016, but then he moved to dismiss it. Dkt. 6-9. He also requested authorization to file a successive post-conviction petition in the Indiana courts in November 2016, before the § 2244(d) limitation period ended. Dkt. 6-11.

---

[2] This citation refers to the transcript from Mr. McCullough's sentencing hearing. That transcript was filed in Mr. McCullough's prior habeas proceeding but not in the current one.

Mr. McCullough's filings during the limitation period demonstrate that his mental illness did not prevent him from filing a timely habeas corpus petition, so he is not entitled to equitable tolling.

His petition is therefore time-barred and must be **denied**.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could dispute that Mr. McCullough's current habeas corpus petition is barred by § 2244(d)'s limitation period. Therefore, a certificate of appealability is **denied**.

### V. Conclusion

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied** and a certificate of appealability shall not issue. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/7/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAZIEN MCCULLOUGH
230070
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov